UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JOSÉ LUIS CASIANO-JIMÉNEZ,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 10-2170 (JAF)

(Crim. No. 07-063)

**OPINION AND ORDER**

Petitioner brings this pro-se petition under 28 U.S.C. § 2255 for relief from a federal court conviction. (Docket No. 1.) Respondent opposes (Docket No. 3), and Petitioner does not reply.

**I.**

**Factual Background**

In 2007, Petitioner was convicted of conspiracy to possess with an intent to distribute 462 kilograms of cocaine and 29 kilograms of heroin, in violation of the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. §§ 70502(c)(1)(C), 70503(a)(1), 70504(b)(1), and 70506(b) and of 21 U.S.C. § 960. (Docket No. 1 at 1.)  We sentenced him to 151 months' imprisonment. (Id.) The First Circuit affirmed Petitioner's conviction and sentence, and the U.S. Supreme Court denied him a writ of certiorari. (Id. at 2.) Petitioner was represented by the same counsel during trial and on direct review. (Id. at 5–6.)

## II.

## **Standard for Relief Under 28 U.S.C. § 2255**

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his or her sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id.

On collateral review, a petitioner may not relitigate issues that were decided on direct appeal. See Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1993). In addition, a petitioner's "failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the [petitioner] can demonstrate cause for the failure and prejudice or actual innocence." Berthoff v. United States, 308 F.3d 124, 127–28 (1st Cir. 2002). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." House v. Bell, 547 U.S. 518, 537 (2006) (internal quotation marks omitted). This default does not apply to claims of ineffective assistance of counsel, which may be raised for the first time via collateral review. See Massaro v. United States, 538 U.S. 500, 509 (2003).

A petitioner is entitled to an evidentiary hearing unless the "allegations, even if true, do not entitle him to relief, or . . . need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible." Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007) (quoting David v. United States,134 F.3d 470, 477 (1st Cir.

Civil No. 10-2170 (JAF) -3-

1998)) (internal quotation marks omitted); see also § 2255(b). A petitioner waives any claims he raises perfunctorily. See Cody v. United States, 249 F.3d 47, 53 n.6 (1st Cir. 2001) (deeming waived ineffective assistance claim raised in § 2255 proceeding in perfunctory manner).

### III.

### Analysis

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Petitioner raises ten grounds for § 2255 relief. Seven of those grounds are procedurally barred; the other three raise allegations of ineffective assistance of counsel.

**A.   Procedurally-Barred Claims**

Four of Petitioner's arguments were raised and decided on appeal. The first, labeled 12-A by Petitioner, is that the MDLEA is unconstitutional because there is no jurisdictional nexus between the criminal conduct and the United States. (See Docket No. 1-1 at 1.) This issue was raised and decided against Petitioner during his appeal. United States v. Angulo-Hernández, 565 F.3d 2, 10–12 (1st Cir. 2009). The second, labeled 12-B, is that the MDLEA improperly allows the trial court, rather than the jury, to determine the nexus question as a matter of law. (Docket No. 1-1 at 1.) The First Circuit explicitly foreclosed this argument. Angulo-Hernández, 565 F.3d at 11 ("Jurisdiction under the MDLEA is not an element of the offense; it is a 'preliminary question[] of law to be determined solely by the trial judge' . . . ." (alteration

Civil No. 10-2170 (JAF)                                                                                                          -4-

in original) (quoting 46 U.S.C. § 70504(a))). The third, labeled 12-F, is that the trial court erroneously denied Petitioner a continuance. (Docket No. 1-1 at 3.) Petitioner raised and lost this argument before the First Circuit. Angulo-Hernández, 565 F.3d at 12. And the fourth, labeled 12-H, is a multifaceted attack on the constitutionality of the MDLEA, focusing on Petitioner's lack of contacts with the United States. (See Docket Nos. 1-1 at 4; 1-2.) As we already stated, the First Circuit examined on direct review the constitutionality of the MDLEA and the jurisdictional nexus in Petitioner's case. Angulo-Hernández, 565 F.3d at 10–12. As these four grounds were raised and determined via direct review, Petitioner may not relitigate them via collateral review. See Singleton, 26 F.3d at 240.

Three of Petitioner's arguments were waived when he failed to raise them via direct review: (1) labeled 12-D, Petitioner was arrested without probable cause; (2) labeled 12-G, the U.S. Coast Guard "conducted a criminal investigation under the guise of a civil (rescue mission) action";[1] and (3) labeled 12-I, "[t]he appellate court affirmed the judgment of the district court based on a fact contradicted by the record."[2] (Docket No. 1-1 at 2–4.) Petitioner does not attempt to show cause and prejudice for the waiver, either in his initial pleading or in response to Respondent's waiver argument. And while Petitioner maintains that he is actually innocent of the charges (see Docket No. 1-2 at 2), he has alleged no new evidence undermining his

---

[1] Petitioner does not explain how this rendered his conviction not in accordance with federal law, though he generally alleges that it "effectively den[ied] the Petitioner of the right to counsel, the right against self-incrimination and violat[ed] dure [sic] process." (Docket No. 1-1 at 3.) To the extent Petitioner alleges that the investigation affected his trial, we find that this challenge was waived when he failed to raise it via direct review. See Berthoff, 308 F.3d at 127–28.

[2] To the extent Petitioner raised this argument in his petition for writ of certiorari to the U.S. Supreme Court, its relitigation via collateral review is barred. See Singleton, 26 F.3d at 240.

Civil No. 10-2170 (JAF) -5-

conviction; instead, he appears to raise the same defenses that were rejected at his trial and on direct appeal. Absent cause and prejudice for the waiver or a showing of actual innocence, we find these arguments waived and will not entertain them. See Berthoff, 308 F.3d at 127–28.

**B.     Ineffective Assistance of Counsel**

Petitioner alleges ineffective assistance of counsel under the three remaining grounds for relief: (1) labeled 12-C, counsel failed to challenge the composition of Petitioner's jury, as it was not a jury of his peers; (2) labeled 12-E, counsel failed to advise Petitioner of his right to testify; and (3) labeled 12-J, counsel failed to notice or argue that the jury reached contradictory and untenable conclusions as to the facts of Petitioner's criminal case.[3] (Docket No. 1-1 at 1–5.)

**1.     Standard**

The Sixth Amendment "right to counsel is the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686 (1984) (internal quotation marks omitted); see U.S. Const. amend. VI. To establish ineffective assistance, a petitioner must show both that his counsel's performance was deficient and that he suffered prejudice as a result of the deficiency. Strickland, 466 U.S. at 686–96. To show deficient performance, a petitioner must "establish that counsel was not acting within the broad norms of professional competence." Owens, 483 F.3d at 57 (citing Strickland, 466 U.S. at 687–91). To show

---

[3] To the extent these three grounds also seek relief on the basis of the trial court's errors, that relief is procedurally barred; claims 12-C and 12-E are raised by Petitioner for the first time on collateral review, and claim 12-J was raised and decided on appeal, see Angulo-Hernández, 565 F.3d at 7–9. See Berthoff, 308 F.3d at 127–28; Singleton, 26 F.3d at 240. Respondent argues that claim 12-E was raised on appeal (Docket No. 3 at 5–6), but the argument Respondent refers to, which was made by a codefendant, was made on different grounds, see Angulo-Hernández, 565 F.3d at 12.

Civil No. 10-2170 (JAF)                                                                                                          -6-

prejudice, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceedings would have been different." Strickland, 466 U.S. at 694.

To succeed on a claim of ineffective assistance of counsel, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Choices made by counsel that could be considered part of a reasonable trial strategy rarely amount to deficient performance. See id. at 690. Counsel's decision not to pursue "futile tactics" will not be considered deficient performance. Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999); see also Acha v. United States, 910 F.2d 28, 32 (1st Cir. 1990) (stating that failure to raise meritless claims is not ineffective assistance of counsel).

**2.   Claims**

**a.   Jury of Peers**

Petitioner argues that his counsel was ineffective for failing to challenge the composition of his jury, who did not represent a fair cross-section of his community. (Docket No. 1-1 at 1–2.) Specifically, he claims that the jurors (1) were not citizens of Petitioner's country; (2) were unfamiliar with maritime trade practices; (3) could not understand the nuances of the criminal laws at issue; and (4) did not understand the "culture, mores, etc." familiar to Petitioner. (Id.) On this last point, Petitioner suggests that he differed from the jurors in education, language, age, occupation, and living environment. (Docket No. 1-2 at 16–18.)

"[T]he American concept of the jury trial contemplates a jury drawn from a fair cross section of the community." United States v. Benjamin, 252 F.3d 1, 12 (1st Cir. 2001)

(alteration in original) (quoting <u>Taylor v. Louisiana</u>, 419 U.S. 522, 527 (1975)) (noting that the "fair cross section" requirement is "fundamental to the right to jury trial guaranteed by the Sixth Amendment" of the U.S. Constitution). To show that this right has been violated, a petitioner must establish "(1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process." <u>Id.</u> (quoting <u>Duren v. Missouri</u>, 439 U.S. 357, 364 (1979)). Petitioner has made no such showing; he appears to confuse the requirement that the jury fairly represent the community from which it is drawn with a requirement that the jury represent the Petitioner himself or have prior knowledge of the facts and laws at issue. We know of no such requirement under federal law, and Petitioner has not identified one (<u>see</u> Docket Nos. 1-1 at 1–2; 1-2 at 16–18).

As the argument Petitioner claims his counsel failed to make would have been futile, counsel was not deficient for failure to make it. See <u>Vieux</u>, 184 F.3d at 64.

### b. <u>Right To Testify</u>

Petitioner claims that his counsel failed to advise him of his right to testify. (Docket No. 1-1 at 2–3.) He does not elaborate on the allegation but states that, "[i]n the traverse," he will "argue a more refined version of the <u>Strickland</u> test." (<u>Id.</u> at 3.) Respondent argues, inter alia, that Petitioner has waived this claim by failing to develop it. (Docket No. 3 at 8–11.)

An attorney's failure to inform a defendant of his right to testify constitutes constitutionally-deficient performance. Owens, 483 F.3d at 58. Nevertheless, we need not grant an evidentiary hearing on a claim that counsel failed to advise of the right to testify where that claim is unsubstantiated. See id. at 59 (citing United States v. Butt, 731 F.2d 75, 80 n.5 (1st Cir. 1984)) (noting that substantiation consists of "highly specific" allegations that are "usually accompanied by some independent corroboration"). In the instant case, Petitioner makes a bare allegation that his attorney failed to advise him of his right to testify and offers no supporting facts, either in his initial filing or in response to Respondent's argument that Petitioner waived this claim for failure to develop it. On the basis of Petitioner's argumentation, we find this claim unsubstantiated and, therefore, inherently incredible.

        **c.**    **Jury's Contradictory Conclusions**

Petitioner claims that counsel was deficient in failing to notice or challenge the jury's contradictory conclusions regarding the facts of his case. (Docket No. 1-1 at 4–5.) On appeal, counsel raised certain contradictions in the jury's conclusions. The First Circuit rejected any such argument: "Even if we were to view this as an inconsistency in the jury's verdict, which we do not, that is not a basis for overturning a conviction that is sufficiently supported by the evidence. Here, the evidence offered was more than sufficient to support each of the defendants' convictions." Angulo-Hernández, 565 F.3d at 7 (citation omitted). On the basis of that conclusion, we find that any additional argument as to contradictions in the jury's findings would have been futile, and counsel was not deficient for failing to make it. See Vieux, 184 F.3d at 64.

Civil No. 10-2170 (JAF)                                                                                                          -9-

## IV.

## Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever we deny § 2255 relief, we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). We see no way in which a reasonable jurist could find our assessment of Petitioner's constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## Conclusion

For the foregoing reasons, we **DENY** Petitioner's § 2255 petition (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, we summarily dismiss Petitioner's claims because it is plain from the record that he is entitled to no relief.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 8th day of August, 2011.

                                              s/José Antonio Fusté
                                              JOSE ANTONIO FUSTE
                                              United States District Judge